# Nagle's Estate (No. 1).

*Wills—Accumulations—Void accumulations—Remainder — Intestacy.*

Where a testator gives the residue of his estate to a trustee during the lifetime of testator's son, and only child, to pay out of the income therefrom twenty .dollars annually toward the support of the son and after the death of the son to distribute all the rest and residue of the estate to the trustee himself and three sisters of the testator share and share alike, the accumulations of income over the twenty dollars per year are void, and are payable not to the remaindermen, but to the son of the testator as the latter's next of kin under the intestate laws.

In such a case the court cannot during the life of the son distribute the corpus of the estate to the remaindermen, reserving enough to protect the annual payments required by the will.

Argued Nov. 9, 1915. Appeal, No. 53, Oct. T., 1915, by Jacob R. Bingaman, from decree of O. C. Berks Co., Sept. T., 1913, No. 57, dismissing exceptions to adjudication in Estate of Reuben Nagle, deceased. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Exceptions to adjudication.

From the record it appeared that the testator, Reuben Nagle, died August 21, 1912, his wife having predeceased him. He left one child, a son, Frank Nagle, who was an imbecile from birth and was at the time of testator's death about 55 years old. By his will dated March 5, 1910, he directed all his estate, which consisted of real

and personal property, to be converted into money, and after making a number of specific pecuniary legacies, disposed of the residue as follows:

"All the rest, residue and remainder of my estate I give and bequeath in trust to Daniel A. Rothenberger of Oley, Pa., during the lifetime of my son, Frank, the said trustee to pay toward the support of my son, Frank, out of the income of my estate the sum of twenty ($20) dollars annually.

"All the rest and residue of my estate left upon the death of my son, Frank, I give and bequeath to Daniel A. Rothenberger of Oley, Pa., to my sisters, Ellen Moser, Sallie Bright and my brother, Milton Nagle, share and share alike their heirs and assigns."

Upon the audit of the executor's account, there remained for distribution after payment of all debts and specific legacies, the sum of $21,502.56 principal and $98.95 income. The controversy arose over the proper distribution of these two sums.

The appellant, who was appointed committee ad litem of testator's imbecile son, contended at the audit that the whole residue of the principal should be distributed to the trustee, Daniel A. Rothenberger, and the surplus income over and beyond the $20.00 annuity was distributable under the intestate laws to decedent's son as sole next of kin, the provisions of the will being in violation of the 9th Section of the Act of 1853, P. L. 503, prohibiting accumulations.

The court awarded fifteen hundred dollars to the trustee to protect the income provided by the will, for the son, and awarded the balance amounting to $19,995.56 to the remaindermen.

Exceptions to the adjudication were dismissed.

*Error assigned* was in dismissing exceptions to adjudication.

*T. I. Snyder,* of *Snyder & Zieber,* for appellant.—The

court below had no power to enter the decree appealed from: Talbot v. Jevers, L. R. 20 Eq. 255; Weatherall v. Thornburg, L. R. 8th Ch. Div. 261; Saunders v. Vautier, 4 Beav. 115; McKee's App., 96 Pa. 277; Grim's App., 109 Pa. 391; Biddle's App., 99 Pa. 525.

*Cyrus G. Derr*, with him *Walter B. Freed,* for appellee, cited: Letchworth's App., 30 Pa. 175; Burd v. Burd, 40 Pa. 182; Wetherall 'v. Thornburgh, 8 Ch. Div. 270; Harbin v. Masterman, L. R. 2 Ch. 184; King's Est., 210 Pa. 435.

OPINION BY TREXLER, J., May 8, 1916:

Reuben Nagle, by his last will and testament, after making a number of specified pecuniary legacies,' provided as follows: "All the rest residue and remainder of my estate I give and bequeath in trust to Daniel A. Rothenberger, of Oley, Pa., during the lifetime of my son Frank, the said trustee to pay toward the support of my son, Frank, out of the income of my estate the sum of twenty ($20.00) dollars annually.

All the rest and residue of my estate left upon the death of my son, Frank, I give and bequeath to Daniel A. Rothenberger, of Oley, Pa., to my sisters, Ellen Moser, Sallie Bright, and my brother, Milton Nagle, share and share alike their heirs and assigns."

The court below set aside enough of the principal of the estate to insure the payment of the sum of twenty dollars annually for the support of testator's son, Frank, who is still living and distributed the remainder to those of the parties above named who are still in life and to the personal representatives of those who are dead.

The first question is, who is entitled to the income over and above the twenty dollars payable to the decedent's son? It is admitted that the accumulations are in violation of the Act of April 18, 1853, P. L. 507. Although the testator did not express his desire to have the income accumulate that effect necessarily follows and whether

he did it intentionally or not, the Act of 1853 renders the accumulations void. "Accumulation is forbidden by the act no less where it results by indirection than where it is expressly ordered": White's Est., 8 D. R. 33; Weinmann's Est., 223 Pa. 508; Neel's Est., 252 Pa. 394. In the last case the question of accumulations is discussed at length by MOSCHZISKER, J., and a large number of cases cited. The accumulations being void "shall go to and be received by such person or persons as would have been entitled thereto if such accumulation had not been directed": Act of 1853, supra. "If the unlawful accumulations relate to a vested interest taking effect in immediate possession, the released income goes at once to the beneficiary, but if, as in the case at bar, the interest is not vested in immediate possession the income goes to the residuary legatee or devisee unless the residuary estate itself be the subject of the provision in which case the income goes under the intestate laws to the next of kin or heirs": Neel's Est., supra. It is therefore of the utmost importance to the decision of the question to determine whether under the language of the will before us the accumulations are an incident to the residuary estate, or whether it is independent of the accumulations. Although there is a residuary clause giving all the rest and residue of the estate to Rothenberger and decedent's sisters and brother, it will be observed that it passes nothing except the fund already given to Rothenberger as the trustee of Frank. The entire residuary estate passed to Rothenberger under the terms of the first clause quoted in the beginning of this opinion. The second clause provided where the estate passing to Rothenberger in trust should go after the trust ended. It is not therefore to be regarded as a general residuary clause bequeathing everything not otherwise disposed of under the will. The accumulations therefore are an incident to and grow out of the very residuary estate given to the parties above named. They cannot claim the unlawful accumulations as they

might if there were a general residuary clause in their favor unaffected by the accumulations.

The will in Neel's Estate, supra, as in the case at bar, devised the residuary estate in trust; the trustees to apply the income on the principal as required for the support of a daughter, and in the words of the will, "I do hereby will and bequeath all my property and estate that shall be in the charge of said trustees—at the time of the decease of the said Adella to," etc. It was held that "there being no residuary gift which is not itself affected by the direction to accumulate, the fund must pass to the next of kin under the intestate laws." The only difference between these wills in so far as the subject of our inquiry is concerned, is that the Neel will in its residuary clause refers to the property bequeathed as that "in charge of the trustees," while the will before us to "the rest and residue of my estate left upon the death of my son, "Frank," but as was stated before there was nothing passed except the portion of the estate out of which the accumulations arose, the entire residuary estate having passed to the trustee. We can see no difference between the two. There is absolutely nothing given to the residuary legatees except the fund out of which the unlawful accumulation grew. We must therefore conclude that the unlawful accumulations go to the next of kin which in this case is the son, Frank.

The second question is, the trust fund yielding an annual revenue largely in excess of the amount required to be paid to the son, can the court distribute the corpus of the estate leaving, however, enough to protect the annual payments required by the will? The lower court took the position that as the income of the trust yielded many times the sum of twenty dollars per annum required to be paid to the cestui que trust, it was unnecessary to maintain the trust, except to reserve enough to amply secure the annual sum due to the son. "When a fund is given upon trust to pay over certain annuities out of the income and to accumulate the rest, and the fund and accumulations are given after the death of the

annuitants to a legatee absolutely, the legatee is not entitled to stop the accumulations during the lives of the annuitants, and to ask for payment of the fund providing for the annuities. So far as the accumulations extend beyond the statutory period, the income is undisposed of and goes to the heir at law or next of kin": Theobald on Wills, Ed. of 1881, p. 448; Ferguson's Est., 223 Pa. 530; Mitcheson's Est., 11 W. N. C. 547, PENROSE, J.; Estate of Thomas Mellon, 16 Philadelphia 323.

In Talbot v. Jevers, L. R. 20 Eq. 255, under a statute similar to ours the very point was raised and it was decided that the remainderman who had a vested interest to take effect in possession after the death of the annuitant, the fund being largely in excess of what was needed, had no right during the life of the annuitant to ask for the payment to him of the fund, after provision had been made for the annuity. This decision was followed in Weatherall v. Thornburgh, L. R. Vol. VIII, Ch. D. 261, quoted in Mitcheson's Est.

In McKee's App., 96 Pa. 277, where the corpus of the estate was largely in excess of the requirements of the annuity it was held that the remaindermen whose interests were vested were not entitled to a part of the corpus until the death of the annuitant. See also Biddle's App., 99 Pa. 525. The intention of the testator was to postpone payment of the principal until the death of his son: Packer's Est., 246 Pa. 97 (109). When the interest of the annuitant in a portion of such capital appears and the purpose of the testator is so expressed that there shall be no passing of the corpus until the death of the annuitant, there is no warrant to change this provision of the will by reducing the amount of the trust estate. This is in accord with the English authorities and we think our own. We conclude that the court erred in distributing any portion of the principal.

The decree is reversed and the record is remitted in order that distribution may be made in accordance to this opinion. Appellees to pay the costs.