## Freeman's Estate

Before Henderson, Van Dusen, Stearne and Sinkler, JJ.

*Joseph P. Gaffney* and *John S. Sinclair*, for exceptants.

*Bronte Greenwood, Daniel C. Donoghue, Joseph M. Dohan, James Fitzpatrick, Paul Van Reed Miller* and *Saul, Ewing, Remick & Saul*, contra.

HENDERSON, J., January 27, 1933.—We have carefully studied the adjudication and the briefs and are convinced that the auditing judge is right in his conclusions, and for the reasons given by him.

The earnest argument of the learned counsel for the exceptants leads us to add a word in reply to his contention. It is conceded that the trust continues till the death of the last annuitant, of whom seventeen are now living.

Subject to these annuities, the will gives—"the balance of the income from my estate I direct shall be divided equally between my son, William McLain Freeman, and my daughter, Marion F. Houston, and all that may be received from any one dying to whom I have given an income."

It should be noted, there is no limitation in this clause, and we have in simple, unambiguous language a vested estate per autre vie in the heirs and next of kin of the decedent. The exceptants would have us find by necessary implication a direction to accumulate the income arising between the death of the surviving child and the death of the last annuitant.

The exceptants argue that the direction of the will forbidding the legatees from assigning or anticipating their income which is to be paid "directly into their hands," leads to a necessary implication that the income is to be accumulated for the charities in remainder. Were not the gift to the children in such plain language, the argument just quoted might suggest an intestacy. We can find no implication, much less a necessary implication, to accumulate for the charities in remainder. The gift of income is to the children by name, without limitation, and every presumption leads us to construe it as a vested estate per autre vie.

There is no gift to the charities until "after the death of all persons named as beneficiaries in my will;" seventen are living, and, hence, the charities must await the time fixed by the will.

See Ferguson's Estate, 223 Pa. 530.

The exceptions are dismissed and the adjudication is confirmed absolutely.