## Rhodes' Estate.    Oldmixon's Appeal.

*Perpetuities—Vested annuities—Postponement of possession.*

A testator after giving a life estate in trust for his daughter, gave in a codicil the residuary estate to his nephews and nieces living at the daughter's death. By a later codicil he provided that " in case " of the death of the daughter " leaving a child or children surviving her under the age of twenty-five years, the trustees shall pay to each child or children the sum of $350 a year, each, until they respectively arrive at the age of twenty-four years," and the " estate shall remain in the hands of the trustees without division, until after all said children arrive at said age." *Held,* that the annuities to the daughter's children vested immediately upon the daughter's death, and that they did not violate the rule against perpetuities.

The later codicil did not defeat the gift of the residuary estate to the nephews and nieces, but merely postponed the right of possession until the annuities to the daughter's children were paid.

*Accumulations—Payment of liens.*

*Not decided,* whether a direction to apply surplus income to the payment of liens on real estate, involves a capitalization within the prohibition of the statute against accumulations.

Argued Jan. 5, 1892. Appeal, No. 269, Jan. T., 1891, by Corrinne Oldmixon, from decree of O. C. Philadelphia Co., Oct. T., 1878, No. 111, dismissing exceptions to adjudication. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

The following facts appeared from tne record : William A. Rhodes died on February 28, 1878, leaving a will and codicils. By the second codicil he gave his whole estate to trustees in trust to pay one half of the net income to his wife for life ; one fourth to his daughter, Corrinne Oldmixon, for life. After the death of his wife, his daughter was to receive one half of the net income from the estate during her life. After the payment of debts and legacies all surplus funds were " to be appropriated to the payment of liens on his real estate, and to the keeping of the property in good order." The testator further directed as follows :

" And I do also direct that after the death of my wife and daughter, that after setting apart enough to pay five hundred dollars annually, as aforesaid, to Pauline McLean, and five hundred for the poor, as aforesaid, the residue of my property shall be divided equally between the children that may at that time be living of my brothers and sister."

The fourth codicil contained the following clause :

" In case my daughter, Corina Oldmixon, dies, leaving a child or children surviving her under the age of twenty-five years, I hereby direct my trustees to pay to such child or children the sum of three hundred and fifty dollars a year, each, until they respectively arrive at the age of twenty-five years, and that my estate shall remain in the hands of my trustees without division until after all said children of my daughter arrive at said age, and said payment to them cease."

At the audit of the trustees' account before HANNA, P. J., Mrs. Oldmixon claimed the whole estate on the ground that the remainders in the codicils violated the rule against perpetuities, and were void. The auditing judge refused to allow

the claim and awarded merely a distribution of income.   Mrs. Oldmixon, then filed the following exceptions:

1. The learned auditing judge erred in refusing to award the whole estate in the hands of the accountants to Corinne Oldmixon only child of decedent. [1]

2. The learned auditing judge erred in not setting aside the trust created by the will of the decedent as violating the rule against perpetuities, and awarding the whole estate among those entitled according to law. [2]

4. The learned auditing judge erred in finding that by the provisions of the will an active trust was created, which must be upheld in order to carry out the intention of the testator. [3]

5. The learned auditing judge erred in not finding that the remainder to the children of the brothers and sisters of the decedent was void as transgressing the rule against perpetuities. [4]

The exceptions were dismissed, PENROSE, J., filing the followlowing opinion : " If the limitations taking effect at the death of the testator's daughter were, as contended on her behalf, void under the rule against perpetuities, and the estate thus ineffectually disposed of passed to her under the intestate laws, the trust created by her will during her lifetime would, of course, be inoperative, and this notwithstanding the fact that active duties are imposed upon the trustees.   The validity of a trust depends not upon the character of the duties of the trustees, but upon whether the purpose to be accomplished by it is one which the law recognizes as proper : Rife v. Guyer, 59 Pa. 393, and in the case supposed, the daughter being entitled to the entire beneficial ownership, viz.: to an equitable life estate under a will, and the reversion, legal and equitable under the intestate laws, the continuance of the legal estate in the trustees would be simply to withhold from her the power to alien property in which no one but herself had any interest whatever.   See Gray on Perp., section 120 ; Barford v. Street, 16 Vesey, 135.

" The limitations would be void if the estates given are not to vest until the daughter's children, whether born in the lifetime of the testator or not, attain the age of twenty-five years. The question of perpetuity is to be decided as of the date of the testator's death, and, since it cannot await actual

results, must be determined by possibilities.  Limitations are
void unless they necessarily vest, if at all, within a life or lives
in being, when the estate passes from the settlor, and twenty-
one years, etc., afterwards.  Some of the daughter's children
might not be born at the death of the testator, and may not
reach the age of twenty-five until more than twenty-one years
after their mother's death; and even if she had been past the
age of child-bearing when the testator died, the legal possibility
of issue would make the limitation void : Jee v. Audley, 1 Cox
Ch. 324.

 " A limitation which transgresses the rule against perpetuities
is void altogether, differing in this respect from a provision for
accumulation contrary to the statute, which is void only for
the excess.   Hillyard v. Miller, 10 Pa. 326 ; Brown v. Wil-
liamson, 36 Pa. 338.

 " But it is quite clear that the limitations here are not void.
It is true that the fourth codicil provides that ' in case ' of the
death of the daughter, to whom a life estate is given ' leaving
a child or children surviving her under the age of twenty-five
years, the trustees shall pay to such child or children the sum
of three hundred and fifty dollars a year, each, until they re-
spectively arrive at the age of twenty-five years,' and the ' es-
tate shall remain in the hands of the trustees, without division,
until after all said children arrive at said age : ' but the an-
nuities thus given are vested and immediately payable at the
death of the daughter, no matter when the children were born,
and so far as they are concerned, the rule is no more violated
than it would be had the gift been for life or an absolute in-
terest : Gray on Perp., sections 205, 239, 322, etc.

 " The second codicil gives the residuary estate to the nephews
and nieces of the testator living at the daughter's death ; the
interests become then vested, and the only effect of the fourth
codicil is to postpone their right of possession in order to secure
payment of the annuities, the surplus income of course, going
to them.   It is well settled that a testamentary gift is not re-
duced by a subsequent codicil, unless there is an absolute re-
pugnancy.   It is a canon of construction that a clear gift cannot
be cut down by a subsequent will or codicil, unless they show
an equally clear intention : " Williams on Executors, 221 ;
Wetter's Appeal, 20 Weekly Notes, 499 ; Reichard's Appeal,
116 Pa. 232.

The fact that the fourth codicil would lead to a perpetuity if construed as contended for by the daughter, would be, in itself, a strong reason for supposing that it was not intended to be construed in that way, if the meaning were doubtful; but there is not the slightest indication of an intention on the part of the testator to change the time at which the vesting of the residuary estate is to take place though he does change the time for making distribution. If, therefore, the postponement of possession should, for any reason, be invalid, the residuary legatees alone could raise the question: City of Philadelphia v. Girard, 45 Pa. 9, and it is very certain that the daughter cannot. The effect of the invalidity would be simply to accelerate the right of possession. 1 Jarman on Wills, 252: Gray on Perp., section 251.

The distribution of the surplus income accumulating during the lifetime of the widow was entirely proper. It could not go to the residuary legatees, for their rights do not begin, nor, indeed, are they themselves ascertained, until the death of the tenants for life ; it could not be held in the meantime, for accumulation, directly or indirectly, is forbidden by the act of assembly except during an existing minority and for the benefit of the minor. Necessarily, therefore, not having been disposed of by the testator, it passed under the intestate laws. See Grim's Appeal, 109 Pa. 391 ; Mellon's Estate, 16 Phila. 323.

How far the direction to apply surplus income to the payment of liens on real estate involves a capitalization within the prohibition of our statute, which unlike the Thelusson act does not allow accumulation for the purpose of payment of debts, is a question suggested in Washington's Estate, 75 Pa. 102, and Carson's Appeal, 99 Pa. 325, 329; but not raised by the exceptions.

Exceptions dismissed, and adjudication confirmed.

*C. Berkley Taylor* and *John G. Johnson*, for appellant, cited: Washburn v. Downes, 1 Cas. C. 213 ; Gilbertson v. Richards, 4 H. & N. 277; Birmingham Canal Co. v. Cartwright, L. R. 11 Ch. Div. 421 ; S. W. Ry. Co. v. Gomm, L. R. 20 Ch. Div. 562; Allen v. Henderson, 49 Pa. 333; Leake v. Robinson, 2 Mer. 363 ; Vawdry v. Geddes, 1 Russ. & M. 203 ; Chance v.

Chance, 16 Beav. 572; Coggin's Ap., 124 Pa. 10: Palmer v. Holford, 4 Russ. 403; Curtis v. Lukins, 5 Beav. 147; Merlin v. Blagrave, 25 Beav. 125; Boughton v. James, 1 Coll. C. C. 26; Hale v. Hale, L. R. 3 Ch. Div. 643; Grimshaw's Est., L. R. 11 Ch. Div. 406; Mifflins Ap., 121 Pa. 205; Grig v. Hopkins, Sid. 37; Griffith v. Blunt, 4 Beav. 252; Hillyard v. Miller, 10 Pa. 326; Penn Co. v. Price, 7 Phila. 465

*Henry J. Hancock*, and *Charles H. Sayre*, with them *J. Willis Marten* and *J. Sargeant Price*, for appellees, cited: Little v. Wilcox, 119 Pa. 439; Lightner's Ap., 11 W. N. C. 181; Husbands on Married Women, 283; Barnett's Ap., 46 Pa. 392; Rife v. Geyer, 59 Pa. 393; Ogden's Ap., 70 Pa. 501; Bentley v. Kauffman, 86 Pa. 99; Bacon's Ap., 57 Pa. 504; Earp's Ap., 75 Pa. 119; Marsden on Perpetuities, 31; Gray on Perpetuities 205; Lett v. Randall, 10 Sim. 112; Womrath v. McCormick, 51 Pa. 504; Manderson v. Lukens, 23 Pa. 31; Muhlenburg's Ap., 103 Pa. 587; Theobold on Wills, 407, 412, 153, 388, 635; Sears v. Putnam, 102 Mass. 5.

PER CURIAM, January 25, 1892.

We affirm this decree upon the opinion of the learned judge of the orphans' court, and dismiss the appeal at the costs of the appellant.