Joseph J. Martin, deceased. Appeal of David B. Martin, Kate R. Woodward, Sallie Garrett and Evelyn Etherington.

*Trusts and trustees—Trust for accumulations—Act of April* 18, 1853.

The Act of April 18, 1853, P. L. 503, relating to accumulations, does not apply to a case where neither the persons who are to take the principal from which the income is to be accumulated nor the persons who are to take the accumulated income can be ascertained until the time for distribution designated by the testator. In such case the gifts are contingent, and the void accumulations go to the next of kin under the intestate laws.

Testator disposed of his residuary estate as follows: " All the rest, residue and remainder of my estate of whatsoever kind and nature and wherever situated, together with such portion of my estate as may become part of my residuary estate under the preceding items hereof, I give, devise and bequeath unto my executors hereinafter named, in trust, nevertheless, to invest the same and collect the income arising therefrom until the time of the death of my . . . . wife, M. Upon the death of my said wife, I direct that the income which has arisen from this portion of my estate up to that time shall be divided among my brothers and sisters then living, the survivors or survivor of them. The principal sum of this portion of my estate shall, upon the death of my said wife, be equally divided among my nephews and nieces living at that time, per capita, and not per stirpes, the child or children of any of my said nephews or nieces who may be then dead taking its or their parents' share. Any further sums which may thereafter become part of my residuary estate by reason of the preceding provisions shall be equally divided among my nieces and nephews living at such time, per capita and not per stirpes, the child or children of any of my said nephews or nieces who may then be dead taking its or their parents' share." *Held,* (1) that the trust for accumulation was void; (2) that the gifts of income to the " brothers and sisters then living, the survivor or survivors of them," and of the principal to nephews and nieces living at the death of the wife were contingent; (3) that the void accumulations went to the next of kin, and not to testator's brothers and sisters; (4) that the principal of the sum to be accumulated belonged to the next of kin under the intestate laws, and did not pass under the residuary clause.

Argued Jan. 14, 1898.  Appeal, No. 296, Jan. T., 1897, by David B. Martin et al., from decree of O. C. Phila. Co., April T., 1897, No. 169, dismissing exceptions to adjudication.  Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Exceptions to adjudication.

The subject of controversy arose under the following clause of the will of Joseph J. Martin, deceased:

"All the rest, residue and remainder of my estate of whatsoever kind and nature and wherever situated, together with such portion of my estate as may become part of my residuary estate, under the preceding items hereof, I give, devise and bequeath unto my executors hereinafter named, in trust nevertheless, to invest the same and collect the income arising therefrom, until the time of the death of my . . . . wife, Mary C. Martin.  Upon the death of my said wife, I direct that the income which has arisen from this portion of my estate up to that time, shall be divided among my brother and sisters then living, the survivors or survivor of them.  The principal sum of this portion of my estate shall upon the death of my said wife be equally divided among my nephews and nieces, living at that time, per capita and not per stirpes, the child or children of any of my said nephews or nieces who may be dead, taking its or their parents' share.  Any further sums which may thereafter become part of my residuary estate, by reason of the preceding provisions, shall be equally divided among my nieces and nephews, living at such time, per capita and not per stirpes, the child or children of any of my said nephews or nieces who may then be dead, taking its or their parents' share."

The brother and sisters of the testator were of full age at the time of his decease.

At the audit of the executor's account Judge FERGUSON held that the direction for accumulation was void, and awarded the income which had accrued since the death of the testator to his widow and next of kin.  The appellants, the brother and the three sisters of the testator, who survived him, filed exceptions to the adjudication because the accrued income had not been awarded to them.  These exceptions were dismissed by the court, the opinion being delivered by Judge PENROSE, which was as follows:

The act of assembly prohibiting accumulation, except during an existing minority and for the benefit of the minor, provides that the liberated income shall go, not under the intestate laws, but to "such person or persons as would have been entitled thereto if such accumulation had not been directed." The inquiry, therefore, must, in the first instance, always be, who, under the provisions of the will, as fairly interpreted, such persons are. It frequently happens, however, that there are none ; as where the principal of the estate from which the income in the meantime is to be accumulated is not given until a future event; or where the persons who are to take cannot now be known with certainty, as in Rhodes' Estate, 147 Pa. 227 ; Mellon's Estate, 16 Phila. 323 ; or where the accumulation is to create a fund from which legacies are payable and there is no present residuary gift, as in Grim's Appeal, 109 Pa. 391. In these and similar cases the liberated income necessarily passes under the intestate laws ; though where there is a gift, taking effect at once, of the principal from which the accumulations are to arise, or a general residuary gift, carrying with it not only " everything not disposed of, but everything that, in the event, turns out not to be disposed of : " Cambridge v. Rous, 8 Vesey, 25 ; Act of June 4, 1879, P. L. 88, sec. 2, those to whom it is given will be the persons "who would have been entitled " if the accumulation had not been directed : Howell's Estate, 180 Pa. 515.

In the present case there is a separation of income from the principal estate, and there is no capitalization for benefit of principal. The principal, without augmentation, is to go at the death of the testator's widow to nephews and nieces then living and the issue of such as may be then dead ; while the income, retained until that time, is given to a class, viz : the brothers and sisters " then living, the survivors and survivor of them." It is argued, therefore, that as there can be no increase of the class to which the income is given, and no possible introduction into it of a person not known, the beneficiaries are ascertained ; that the primary or general intention of the testator is that the income accruing during the period of accumulation shall go exclusively to them, while the direction that it shall go in a gross sum as the result of the accumulation is subsidiary—merely regulating the method or manner of enjoyment ;

and that the failure of the secondary intent in consequence of
the prohibition of the statute will not defeat the general pur-
pose, under the principle which (as in the rule in Shelley's Case)
sacrifices the particular intent in order to accomplish the pri-
mary purpose.

The question has not come before our Supreme Court, but
the English decisions are opposed to the position thus taken,
holding as they do, that rights, even when clearly vested, are
not accelerated by the elimination of the direction to accumu-
late: Shaw v. Rhodes, 1 Mylne & Cr. 135; s. c. on appeal, sub
nom.: Evans v. Hellier, 5 Cl. & Fin. 114.   See also Talbot v.
Jevers, Law Rep. 20 Eq. 255; Weatherall v. Thornburgh, L. R.
8 Ch. Div. 261; Mitcheson's Estate, 11 W. N. C. 547.   It is
proper to say, however, that in Shaw v. Rhodes and Evans v.
Hellier, Lord BROUGHAM, while he did not dissent, expressed
great doubt as to the propriety of the decision.

But however it may be where the future right is vested, the
case seems clear where, as here, the gift is contingent: to the
brothers and sisters "living at the death of" the wife.   "A
devise or bequest to such persons as shall be living at a partic-
ular time, without any distinct gift to the whole class preceding
such restrictive description, is necessarily contingent, since the
uncertain event forms part of the description of the person or
persons who are to take:" Smith on Executory Interests, sec. 281;
McBride v. Smyth, 54 Pa. 245; Fairfax's Appeal, 103 Pa. 166.
It is true the limitation is to brothers and sisters living at the
death of the wife, "the survivor or survivors of them," and it
is argued that under the rule which requires the avoiding of an
intestacy if, by construction, it is possible to prevent it, these
words must be understood as providing for the contingency of
the death of all the brothers and sisters in the lifetime of the
wife,—the accumulations, in that event, being given to the one
who died last.   But the gift is to the "survivors," as well as to
the "survivor," and this, if the argument is sound, would in-
clude all of the class except the one who died first.   It is diffi-
cult to believe that this was intended.   The words "survivors
or survivor," in a limitation following a prior gift, are under-
stood in Pennsylvania as referring to the death of the testator
(Johnson v. Morton, 10 Pa. 245), unless the intent to refer
them to some other period is plain and manifest (Woelpper's

Appeal, 126 Pa. 562), which cannot be said of the will of this testator,—especially as there was an obvious reason for using them in this sense, viz : to exclude claim, under the act of assembly relating to lapsed legacies, by children of a brother or sister dying in his lifetime.

That the general residuary clause carries with it no right to the income accruing before the time at which it is to vest is manifest ; and it is no less clear that none is given by the supplemental provision as to further sums " thereafter " becoming part of the residuary estate. The general residue is to vest at the death of the wife in the nephews and nieces, and issue of deceased nephews or nieces, then living ; and when " thereafter," that is, after the death of the wife and the vesting of the original residue, " further sums " become part of it under other provisions of the will, e. g., under items 11, 13, etc., they also are disposed of in the same manner. We are not at liberty to read the word " thereafter " in the sense of " theretofore." The exceptions are dismissed, and the adjudication confirmed absolutely.

*Error assigned* was in dismissing exceptions to adjudication.

*John G. Johnson,* for appellants.—A gift of the accumulated income of a fund at the expiration of a designated period is a gift of the income itself, and if the payment cannot be deferred until the accumulations can be made, the income as it accrues becomes immediately payable : Woelpper's App., 126 Pa. 573 ; Cameron v. Coy, 165 Pa. 290 ; Essex v. Clement, 30 Beavan, 525.

We must bear in mind that the testator provided that the principal should go to his nephews and nieces and their issue. He did not wish, therefore, that any descendants of his brother and sisters should take the income. He wished this to go to the elder class. He therefore made no provision for principal, such as was made in the case of any beneficiary dead at the time of distribution. It became, therefore, all the more important, inasmuch as he did not admit representation of a dead brother or sister, to provide for the case of nonsurvivorship of his widow by any brother or sister. To this end, and to prevent any intestacy, he added the words "survivors or survivor of them."

By giving meaning to these words we prevent an intestacy. By striking them out, or by treating them as meaningless, we bring it about. No other meaning can be given to them than that which makes them provide for the contingency of no brother or sister being alive at the time of the actual payment.

If we have succeeded in establishing the fact that the testator guarded against a nonsurvivorship of his widow by the words "survivors or survivor of them," we have in existence a class of persons, some of the members of which are entitled to take. We therefore have presented the case of a direction to accumulate in favor of designated persons; of an inability to accumulate without waiting for such accumulation: Grim's App., 109 Pa. 391; Potter's Est., 13 Phila. 293; Stille's App., 4 W. N. C. 42.

*Theodore F. Jenkins*, for appellee.—This Court has uniformly held that the statute permits accumulations in favor of one class of persons only, who are to be possessed of two qualifications: they must be minors; they must also be persons who will be entitled to take the rents and profits from which the accumulations arise, when the gift or grant goes into effect, though at the time they have passed their minority: McKee's App., 96 Pa. 277; Washington's Est., 75 Pa. 102; Grim's App., 109 Pa. 391; Stille's App., 4 W. N. C. 42; Rhodes' Est., 147 Pa. 227; Wahl's Est., 26 W. N. C. 249; Mitcheson's Est., 22 W. N. C. 46; Smith on Executory Interests, sec. 741*a ;* Oddie v. Brown, 4 DeGex & Jones, 179; Jagger v. Jagger, L. R. 25 Ch. Div. 729; Eyre v. Marsden, 2 Keen, 564; McDonald v. Bryce, 2 Keen, 276; Weatherall v. Thornburgh, L. R. 8 Ch. Div. 261; Hull v. Hull, 24 N. Y. 647; Gray on Perpetuities, 402, sec. 674; 1 Lewin on Trusts, *90; Mitcheson's Est., 11 W. N. C. 547; Schwartz's App., 119 Pa. 337.

An heir can be disinherited only by express devise or necessary implication, and that implication has been defined to be such a strong probability that an intention to the contrary cannot be supposed: Rupp v. Eberly, 79 Pa. 141; Faulstich's Est., 154 Pa. 188; Lipman's App., 30 Pa. 180.

Per Curiam, March 21, 1898:

We find no error in this record that requires reversal or mod-

ification of the decree.   The questions involved have been so satisfactorily disposed of by the learned judge of the court below in his opinion, dismissing appellants' exceptions and confirming the adjudication, that further discussion of either of them is unnecessary.

On his opinion the decree is affirmed and appeal dismissed at appellants' costs.