In re Estate of Charles Edwards, deceased. Appeal of the Lancaster Trust Company, Trustee.

*Accumulations—Trusts and trustees—Act of April 18, 1853.*

Where a testator gives a portion of his estate to trustees to hold and invest and the income thereof to reinvest during the lifetime of his only child and to pay a portion of the income to such child, and after the death of the child to pay all of the estate in the hands of the trustee at that time to the child or children of such child, the direction to accumulate is illegal and void under the Act of April 16, 1853, P. L. 503, and the entire income will go to testator's child absolutely as his next of kin.

The Act of April 18, 1853, P. L. 503, relating to accumulations, does not apply to a case where neither the persons who are to take the principal from which the income is to be accumulated nor the persons who are to take the accumulated income can be ascertained until the time for distribution designated by the testator. In such case, the gifts are contingent, and the said accumulations go to the next of kin under the intestate act.

Argued May 18, 1898. Appeal, No. 198, Jan. T., 1898, by the Lancaster Trust Company, from decree of O. C. Lancaster Co., sustaining exceptions to auditor's report. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of William Aug. Atlee, auditor.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in sustaining exceptions to report of auditor.

*John W. Appel*, of *Appel & Appel*, for appellant.—The trust for accumulations is valid during the minority of the children of George J. Edwards.   It is not void in toto, but only pro tanto. This is true because the act of 1853 expressly allows trusts of this nature during minority: Washington's Est., 75 Pa. 106; Brown v. Williamson, 36 Pa. 338; Rhodes's Est., 147 Pa. 230; Carson's App., 99 Pa. 325.

The provisions of the act of 1853 allowing accumulation during existing minorities, and providing that the income shall go to "such person or persons as would have been entitled thereto if such accumulations had not been directed" apply in this case, because the children of George J. Edwards take vested interests under the will of their grandfather: McBride's Est., 152 Pa. 192; McKee's App., 96 Pa. 277; Reed's Appeal, 118 Pa. 215; Edward's Est., 1 Lan. Law Rep. 177.

*J. Hay Brown*, of *Brown & Hensel*, for appellee.—Martin's Appeal, 185 Pa. 51, is conclusive of this case.

OPINION BY MR. JUSTICE McCOLLUM, February 20, 1899:

The question to be determined on this appeal depends on the construction of the will of Charles Edwards, deceased.   The provisions of the will which have a direct bearing on the question are as follows: " I order and direct my executors to invest the clear balance of my whole estate, real, personal or mixed, remaining after all debts, expenses and proper charges are deducted, in such securities, and at such rate of interest, as my said executors, or the survivor of them, in their discretion, may deem proper; and the interest or income thereof to re-invest in like manner as aforesaid, during the lifetime of my son George J. Edwards.

"And I order and direct my said executors, or the survivor of them, to pay unto my said son George J. Edwards, in monthly payments, for his maintenance and support, and not in any way or manner to be subject or liable to his debts, such sums as shall not in any year amount to over three hundred dollars.

"And after the death of my said son George J. Edwards, I give and bequeath all my estate in the hands and held in trust by my said executors, or the survivor of them, unto all the lawful child or children of my said son George J. Edwards, or to their heirs or legal representatives."

The testator died on March 21, 1882, testate, having made his will on July 23, 1881. By his will made as aforesaid he appointed George K. Reed and Peter McConomy, executors. The will was proved on March 25, 1882, and letters testamentary were issued to the executors the same day. McConomy died soon after the issuance of the letters, and Reed continued to act as surviving executor during his lifetime. He died on May 16, 1897, having filed the third and final account of his administration of the estate two days before. This account showed a balance in his hands in securities and cash of $46,458.50, $36,988.31 of which represented the corpus of the estate, and $9,470.19 represented the accumulations resulting from the investments made by the executors in pursuance of the testator's directions to them in the provisions of his will above quoted.

The testator was, at the time of the execution of his will and for some time previous thereto, a widower, and he remained so. His son George J. Edwards was his only child. George had three children, Mary A., born July 31, 1876 ; Clara Irene, born November 26, 1878, and Charles F., born October 17, 1880. Clara Irene died May 5, 1886 ; Mary A. and Charles F. are still living.

Shortly after the death of the surviving executor of the Charles Edwards estate the orphans' court of Lancaster county appointed the Lancaster Trust Company trustee of said estate with all the powers and duties pertaining to a proper administration of it. On the day the Lancaster Trust Company was appointed trustee of the Edwards estate an auditor was appointed to report distribution of the balance shown by Reed's final account, " to and among those legally entitled to the same." The auditor, on March 19, 1898, awarded "the entire fund, consisting of principal and accumulations " to the trustee. To this report exceptions were filed by George J. Edwards who contended that the direction to accumulate was illegal and void under the act of April 18, 1853, and that as to all the accumulations of the income of the estate, the testator died intestate, and that he, as the testator's next of kin, was entitled to them. His contention was sustained by the orphans' court and the accumulations were awarded to him. From the decree awarding them, as above stated, this appeal was taken.

The first and principal contention of the trustee is that " the

trust for accumulations is valid during the minority of the children of George J. Edwards;" that "it is not void in toto but only pro tanto." Brown et al. v. Williamson's executors, 36 Pa. 338, is cited as authority for this position. But it is not in any essential particular distinguishable from Ashhurst v. Given, 5 W. & S. 323. It was not in any decree affected by the act of April 18, 1853, nor was it decided therein that the trust was transgressive. In Washington's Estate, 75 Pa. 102, it was held that under the act of 1853 the direction for accumulation was void because it was declared to be for the benefit of the testator's estate, although it was provided by him that after his daughter Anna reached full age all the excess of income of his estate beyond the annuities to her and his mother and sister should be paid to his said daughter "for her sole and separate estate, in addition to the annuity of $15,000 she would then be entitled to receive." His daughter Anna was his only child, and the accumulations therefore belonged and were paid to her. In Schwartz's Appeal, 119 Pa. 337, it was held that the direction to accumulate was void on the ground that the time allowed for accumulation was indefinite, being for the lifetime or widowhood of the widow, and permitting a longer period than that allowed by the act of 1853. The learned judge of the orphans' court said : "The extreme time allowed for accumulations by the Act of April 18, 1853, P. L. 503, is twenty-one years, with the additional allowance for the ordinary period for gestation. In this case it is indefinite depending on the one hand upon 'the life or widowhood of the widow.' It may be for a longer or shorter period than twenty-one years. The possibility of its being for a longer period renders the provisions in the will void and of no effect: McKee's Appeal, 96 Pa. 277. So also, on the other hand, these accumulations are for a period longer and other than during the minority of the children." This Court, on appeal, approved the conclusion of the court below, and held that the principle on which it was based was undoubtedly sound. Grim's Appeal, 109 Pa. 391, was likened by this Court to McKee's Appeal, supra, in which the direction to accumulate was held to be illegal and void, and the accumulations passed under the intestate laws to the widow and next of kin in equal moieties. In Hibb's Estate, 143 Pa. 217, it was held that when, by a testamentary direction for the

accumulation of income arising from property bequeathed in trust, it is the manifest purpose of the testator to add such accumulations permanently to the original trust estate, and make them take its destination, it is plainly within the prohibition of the statute. The cases referred to as sustaining this interpretation of the statute were Washington's Estate, 75 Pa. 106, McKee's Appeal, 96 Pa. 277, Carson's Appeal, 99 Pa. 325, and Grim's Appeal, 109 Pa. 391. The case in hand appears to belong to this class. It was the manifest purpose of the testator to add the accumulations permanently to the original trust estate, and make them take its destination.

"The Act of April 18, 1853, P. L. 503, relating to accumulations does not apply to a case where neither the persons who are to take the principal from which the income is to be accumulated nor the persons who are to take the accumulated income can be ascertained until the time for distribution designated by the testator. In such case, the gifts are contingent, and the said accumulations go to the next of kin under the intestate act:" Martin's Estate, 185 Pa. 51. In that case the testator had devised and bequeathed the residuary estate to his executors in trust to invest the same and collect the income arising therefrom, until the death of his wife, Mary C. Martin, and directed that upon her death said income should be divided among his "brothers and sisters then living, the survivors or survivor of them," and that the principal of said estate should be equally divided among his nephews living at that time, per capita and not per stirpes, the child or children of any of his said nephews or nieces then deceased, taking its or their parents' share.

In the case before us the time allowed for accumulation was indefinite, being for the lifetime of George J. Edwards, which may extend beyond the statutory period and the lifetime of his children.

Decree affirmed and appeal dismissed at the cost of the appellant.