# Weinmann's Estate.

*Trusts and trustees—Accumulations—Will.*

Where a testatrix gives by her will a fund to a trustee to invest the same and accumulate the income therefrom until her grandson should reach the age of forty years, and then to pay him the income from the whole fund capitalized for his life, and upon his death to pay the whole fund to his children, the direction to accumulate is illegal, and the income so unlawfully directed to be accumulated will, until the grandson reaches the specified age, be paid to the residuary legatee of the testatrix, who was entitled to take under the will, and not to the grandson or his assignee.

Argued Jan. 4, 1909. Appeal, No. 135, Jan. T., 1908, by Frank P. Martin, from decree of O. C. Phila. Co., Oct. T., 1907, No. 717, dismissing exceptions to adjudication in Estate of Caroline Weinmann, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.

LAMORELLE, J., filed the following opinion:

The Act of April 18, 1853, in its ninth section (P. L. 503),

provides that no one shall dispose of any property by will in such a manner as to accumulate the income wholly or in part for a longer period than the minority of the person who would, if of full age, be entitled thereto but for such direction to accumulate; in event that an accumulation shall be directed otherwise, the direction shall be void, and the income so directed to be accumulated "shall go to and be received by such person . . . . as would have been entitled thereto if such accumulation had not been so directed."

In the present case testatrix gave the sum of $3,000 to the Commonwealth Title Insurance and Trust Company to invest the same and to add income and interest thereof to the principal until her grandson reached the age of forty years, at which time he was to be paid the income of the principal and the income from the accumulation for the term of his life; after his death the principal and accumulated income was given to such of his children as might then be living; if none, then such funds fell into the residuary estate.

The grandson assigned his interest to Frank P. Martin, who, at the time of the audit of the executor's account, claimed the income from the $3,000, on the ground that as the accumulation was void (the grandson being some twenty-eight years of age at the time the will became effective) he was entitled thereto as assignee of the party who would get if there was no direction to accumulate.

The ruling of the auditing judge awarding the income of the $3,000 to the residuary legatee forms the basis of the present exception.

This case must not be confounded with the line of authorities beginning with Washington's Appeal, 75 Pa. 102, the latest of which is Farnum's Estate, 191 Pa. 75, wherein the trust beginning at a time when the minority actually exists, the accumulations have been given the minor upon the attainment of the majority, despite the fact that the accumulations were in terms given to others than the minor, and in fact (notably in Stille's Appeal, 4 W. N. C. 42), it was never intended that the cestui que trust should have them; and the minor was never the person who, if of full age, was entitled.

Despite the earnest and able argument of the exceptant, its fallacy lies in its confounding the principles governing this case with the doctrine laid down in the above-quoted decisions; here the grandson is neither by express words nor by necessary implication the person who would have been entitled to the income if the accumulation had not been directed, in fact, unless and until he reaches the age of forty years by the very terms of the will he gets nothing; and his assignee simply steps into his shoes. Whether the cases above cited are sound or not they embody the law; but there is no reason why their doctrine should be extended.

The case cannot be distinguished in principle from White's Estate, 8 Pa. Dist. Rep. 33, in which a trust was created for a grandson and until he was twenty-five years of age so much only of the income as the executors deemed sufficient for his maintenance was to be expended; when he reached that age he was entitled to all of the income of the trust fund, which fund, with the accumulations, was upon his death limited to his children; it is to be noted that in no event were the accumulations given to him; it was accordingly held that the accumulative income up to the time the cestui que trust reached the age of twenty-five years lapsed and fell into the residue. Said PENROSE, J.:

"Accumulation is forbidden by the act no less where it results by indirection than where it is expressly ordered; the striking down of the illegal accumulation leaves the will as if it had been silent on the subject, and future gifts are not accelerated; if the accumulation relates to a vested interest taking effect in possession, the released income goes at once to the beneficiary—if to an interest not vested in possession, the income goes to the residuary legatee or devisee, unless the residuary estate itself be the subject of the provisions, in which case the income goes under the intestate laws to the next of kin or heirs: 1 Jarman on Wills, 274; Mitcheson's Estate, 11 W. N. C. 547; Gray on Perp., secs. 671, et seq."

Applying the doctrine of that case to the present one—the grandson is not given the accumulations at all; what is given him is the income from these accumulations when he reaches

the age of forty—and this distinction is real and not apparent as is forcibly put by the auditing judge when he says, "The beneficiary unquestionably would have been such person (i. e., the persons spoken of in the act as entitled to the income) if the accumulated fund had been payable to him at the age of forty." The accumulations are given to the children of the grandson if he shall leave any, who represent at best an estate not vested in possession; the income not well given, therefore, falls into the residue and goes to the residuary legatee.

To the same effect is Edwards' Estate, 190 Pa. 177; testator gave his residuary estate to his executors in trust to invest the principal, and to reinvest the interest or income, and to pay his son an annual sum of not more than $300; upon the son's death, his children were given the original principal and the accumulations; it was held that the direction to accumulate was void, and that the released income went to the next of kin.

In the two quoted cases the accumulation was of a part of the income only; in the present case, of the whole; while to this extent there is a difference, there is no distinction—the applied rule is that where the accumulations are not at any time given to a cestui que trust of full age at the time of testator's death, he cannot be the person who, within the meaning of the act, is entitled thereto if such accumulations had not been directed; they may go to the residuary legatees or to the next of kin, but never to him.

The fifth exception, which raises the question whether the exceptant is not presently entitled to the corpus of the trust estate, need not be considered at any great length; it is sufficient to say that the will creates a valid trust for the life of the grandson, with remainder to his children, if they survive him, and with the limitation over in case they do not. Brubaker's Appeal, 1 Mona. 447, cited as authority for this present claim, is not in point, the court there holding that there was an absolute gift of personal property and the trust a dry one.

The exceptions are dismissed and the adjudication confirmed absolutely.

*Errors assigned* were in dismissing exceptions to adjudication.

*Joseph M. Smith,* for appellant.—It is clear that the person to whom the illegal accumulations are to be paid is the person who meets the definition of the act, for the income is paid, not under the terms of the will, but under the provisions of the act: Potter's Est., 13 Phila. 293; Washington's Est., 75 Pa. 102; McKee's App., 96 Pa. 277; Farnum's Est., 191 Pa. 75; Rhodes's Est., 147 Pa. 227. Stille's Estate (11 Phila. 31, affirmed 4 W. N. C. 42), is almost identically the case at bar: Howell's Est., 180 Pa. 515.

*Henry P. Brown,* for appellee.—There is no vested interest in the grandson, neither in the principal nor in the accumulations of income. All that is given to him is the income "of said principal and accumulated interest," during his life: Mitcheson's Est., 11 W. N. C. 547; White's Est., 2 Pa. Dist. Rep. 207; White's Est., 163 Pa. 388; Washington's Est., 75 Pa. 102; Edwards' Est., 190 Pa. 177; Mellon's Est., 16 Phila. 323.

OPINION BY MR. JUSTICE ELKIN, March 1, 1909:

The testatrix by will bequeathed \$3,000 to a trustee in trust to invest the same and add the interest and income thereof to the principal sum until her grandson should arrive at the age of forty years, at which time the trustee was directed to pay the income derived from said principal and the accumulated interest thereon to said grandson for and during the term of his natural life, and after his death to pay the principal and accumulated income to the child or children of said grandson living at the time of his death, in equal shares. In the event of the death of said grandson without leaving any child or children to survive him then the principal and undistributed income of the \$3,000 to revert to and become part of the residuary estate. The question raised here is whether the income accumulated prior to the time when the grandson arrived at the age of forty years should be distributed to his assignee, the appellant here, or to the residuary legatee. It is conceded, as indeed it must be under the authority of our cases that the direction to accumulate the "interest and income," and add it to the principal until the grandson should arrive at the age

of forty years is within the prohibition of the Act of April 18, 1853, P. L. 503, relating to accumulations, and the only question is to whom the sum so unlawfully accumulated belongs. The statute provides that when an accumulation shall be directed otherwise than is provided therein, the direction shall be void, and the income so directed to be accumulated, shall go to and be received by such person "as would have been entitled thereto if such accumulation had not been so directed." The controlling fact which distinguishes the case at bar from those cases relied on by learned counsel for appellant is that in no event was the grandson, under the terms of the will, entitled to take the corpus of the trust estate or the income accumulated thereon until he should arrive at the age of forty years. If the accumulations directed to be made had been lawful and the principal had been thus increased, the grandson could not have taken any part of the corpus of the trust estate so created, and it is difficult to see upon what theory he can obtain a higher right in an unlawful accumulation than in a lawful one. Certainly the grandson is not such a person as falls within the meaning of the act of 1853, which provides that the void accumulations shall go to such person as would be entitled to receive the same if such accumulation had not been so directed. The case was very carefully considered by the auditing judge and by the learned court below and we fully concur in the conclusion reached and the reasons given for the decision rendered.

Decree affirmed.