## Billings's Estate (No. 2).

*Wills—Perpetuities—Accumulations—Time will takes effect—Future payments—Collateral inheritance tax—Expenses of administration—Accumulations during first year—Illegal accumulations go to heirs—Act of April 18, 1853, section 9, P. L. 503.*

1. Where a testator gives her residuary estate to nephews and nieces, all of whom are of full age with directions for deferred payments at periods of two, six and ten years, but without any express disposition of income pending time of distribution, the accumulation of income until times of payment are illegal and void under the Act of April 18, 1853, P. L. 503, and such accumulation passes to the heirs at law and not to the residuary legatees.

2. Cases where accumulations of income necessarily result, in executing the terms of a will, are as fully within the Act of 1853 as those in which accumulations are expressly directed.

3. Whether accumulations are within the Act of 1853, and invalid, must be determined as of the time when the will takes effect.

4. A direction to accumulate for the future payment of a legacy is void.

5. The collateral inheritance tax is a charge on such part of the estate as passes to collaterals as it stands at the death of the testator, and its status is fixed at that time. It is payable at once, and income subsequently accruing is not subject to the charge; nor does the Act of 1853 permit the accumulation of income for its payment.

6. Where a will provides for deferred payments of the residuary estate to collaterals, all of full age at the death of testatrix, without directions as to payment of income, such accumulations cannot be treated as valid on the theory that they are available for the payment of collateral inheritance tax on legacies, and expenses of administration; nor is a different rule to be applied to the accumulations accruing during the first year of the administration.

*Wills—Legacies—Vested and contingent interests—Accumulations.*

7. Where testatrix gives her residuary estate to nephews and nieces, all of full age, naming them, with payments deferred until stated times, the legacies are vested, even though they are subject to be divested by death of the legatees without children before the time of distribution; but the fact that the legacies are vested does not give the legatees the right to the illegal accumulations which have accrued pending the time of distribution. Such accumulations go to the heirs at law of testatrix.

Argued May 3, 1920. Appeal, No. 139, Jan. T., 1920, by Gertrude Sears, a legatee, from decree of O. C. Tioga Co., Sept. T., 1916, No. 3, dismissing exceptions to auditor's report in Estate of Sarah M. Billings. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Exceptions to report of G. Mason Owlett, Esq., auditor. Before SMITH, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Gertrude Sears, a legatee, appealed.

*Errors assigned* were (1-8) dismissal of exceptions, and (9) decree, quoting them.

*Howard F. Marsh,* with him *Andrew B. Dunsmore, Paul J. Edwards* and *Francis E. Watrous,* for appellant. —The cases that either have most points of similarity to the one in court, or which seem to us most helpful in arriving at a right conclusion concerning the legal destination of any income illegally accumulated in this case, are: Neel's Est., 252 Pa. 394; Nagle's Est., 63 Pa. Superior Ct. 93; Reighard's Est., 253 Pa. 43; Thistle's Est., 263 Pa. 60, and Paxson's Est., 241 Pa. 452.

*T. A. Crichton,* for appellees.—To be lawful the accumulated fund must be that of the minor and must be paid to him upon his arriving at the age of twenty-one. All other accumulations are void; and where there is such direction or where income accumulates because not disposed of it goes to the one who would be entitled if no accumulations had occurred: Roney's Est., 227 Pa. 127; Eberly's Est., 110 Pa. 95.

The court below was clearly right in declining to allow payments to beneficiaries, collateral inheritance taxes, and all administration expenses to be charged against the income in determining whether or not there were accumulations: McKee's App., 96 Pa. 277; Reichard's App., 116 Pa. 232, 237; Farnum's Est., 191 Pa. 75; Mayer's Est., 13 Pa. Dist. R. 277.

OPINION BY MR. JUSTICE FRAZER, June 26, 1920:

Sarah M. Billings died December 8, 1912, leaving a will in which she gave her residuary estate to ten nephews and nieces by name to be paid them "One thousand dollars to each of them within one year after my decease. Two thousand to each of them, additional, three years after my decease, one-half of the share of each of the remainder to each of them at the end of six years from my decease and the balance going to each one

ten years after my decease, provided that should any of my said nephews or nieces die before receiving their full share as herein willed without leaving surviving children, then the share of such deceased one shall become a part of the residuary fund and belong to the survivors, but if any of my said nephews or nieces should die before receiving his or her full share as herein willed and leave surviving children then the share of such deceased one shall go to said child or children." All the nephews and nieces were of age at the time testatrix died. The question raised on this appeal is whether there was an illegal accumulation of income of the residuary estate and if so to whom were such accumulations payable. The court below held the accumulations were illegal and should be distributed to the next of kin, from which decree this appeal was taken.

Under section 9 of the Act of April 18, 1853, P. L. 503, it cannot be seriously questioned that accumulations of income pending the time of payment are void. No express disposition of income is made by the will and payments of the corpus of the estate are limited to specific amounts at stated periods. The beneficiaries being of full age and the gifts not being to charities, no excuse appears for accumulating the income. While there is no specific direction that the income be accumulated, accumulation will necessarily result in executing the terms of the will and such cases are as fully within the act as those in which accumulations are expressly directed: Neel's Est., 252 Pa. 394.

It is contended, however, that even though the income accumulation for the ten-year period is illegal no such improper accumulation occurred during the time for accounting, inasmuch as the total amount required to pay the inheritance taxes, legacies and expenses of administration, exceeded the income for that period. This argument begs the whole question, as the legacies are payable at certain future times and whether the accumulations are within the act must be determined as of the

time the will takes effect. A direction to accumulate for the future payment of the legacy would, therefore, be void: Farnum's Est., 191 Pa. 75; Grimm's App., 109 Pa. 391. Furthermore, collateral inheritance tax is a charge on such part of the estate as passes to collaterals as it stands at the death of testator and the status of this tax is fixed at that time: Handley's Est., 181 Pa. 339. It is payable at once and income subsequently accruing is not subject to the charge: Williamson's Est., 153 Pa. 509; nor does the statute permit the accumulation of income for the payment of the tax. While such income is, of course, liable for the payment of debts and expenses, if needed, and also to its fair share of administration expense, such liability does not permit an accumulation of income for that purpose and require the question of an illegal accumulation to depend upon the final result at a particular future time, rather than upon a construction of the will in view of circumstances existing at the time it takes effect.

Neither is a different rule to be applied to the accumulations accruing during the first year of the administration. The act contemplates the inclusion of this year in the computation of time during which accumulations are proper for the benefit of minors, stating that it shall be "from the death of any such grantor, settler or testator." During the process of settling the estate all assets, whether principal or income, may be applied, if necessary, to the payment of debts and expenses. The question of the validity of the provision for accumulation cannot be made to depend upon the financial condition of the estate, as would be the case if the income for the first year were to be excluded from consideration.

Finally, it is contended the illegal accumulations are payable to the residuary legatees, or their personal representatives, and not to the heirs at law. Testator "gave, devised and bequeathed" to the persons named the legacies in question "to be paid to them" at the times stated. The legacies were consequently vested, the time

of payment merely being postponed, even though the vested estates were subject to be divested upon the death of legatees, without children, before the time of payment arrived: Safe Deposit & Trust Co. v. Wood, 201 Pa. 420. The fact that the legacies are vested is not conclusive of the right to accumulations in the meantime. The act provides that illegal accumulations "shall go to and be received by such person or persons as would have been entitled thereto if such accumulation had not been directed." Under the terms of the will the legatees are not entitled to possession of the corpus until the expiration of a specified time, and may, in fact, never be entitled to receive the principal. Those who are to take the illegal accumulations must be determined at the death of testatrix, that being the time, if at all, the accumulations begin to accrue. The first and second payments are of specific amounts and not of certain portions of the entire residue. Here we have no specific gift of the income, and the residuary legatees named are not necessarily the persons who would take if the accumulations had not been directed; accordingly, the necessary conclusion is that they are distributable to the heirs under the intestate law within the rule laid down in Edwards's Est., 190 Pa. 177, and Weinmann's Est., 223 Pa. 508.

The decree of the court below is affirmed. Costs to be paid by appellant.