# Wright's Estate.

*Wills—Trusts and trustees—Accumulations—Illegal accumulations—Act of April* 18, 1853, *sec.* 9, *P. L.* 503.

A fund accumulated under testamentary directions, which are void by reason of the provisions of sec. 9 of the Act of April 18, 1853, P. L. 503, goes into the general residuary gift, if there is such a gift in the will, or in case of intestacy to the heir at law. The accumulations never go to the minor as such, but only to the minor when it appears that he is the person who would have been entitled thereto, either as residuary legatee or heir at law, if such accumulation had not been directed: Washington's Estate, 75 Pa. 102; Stille's Appeal, 4 W. N. C. 42, and Farnum's Estate, 191 Pa. 75, overruled; and Weinmann's Estate, 223 Pa. 508, followed.

Argued March 25, 1909. Appeal, No. 54, Jan. T., 1909, by S. Mcgargee Wright, from decree of O. C. Phila. Co., July T.,

1895, No. 104, dismissing exceptions to adjudication in Estate of John Wright, deceased. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Exceptions to adjudication.

From the record it appeared that John Wright died January 23, 1895. By clause seven of his will he provided:

"Seventh:—I give and bequeath to my Executor hereinafter named, one hundred shares of the capital stock of the Philadelphia Trust Safe Deposit and Insurance Company and twenty-five shares of the capital stock of the Girard Life Insurance Annuity and Trust Company of Philadelphia, its successors and assigns forever, in trust, to collect and receive the dividends that may from time to time be declared and paid thereon and immediately thereafter to invest the same first in the purchase of additional stock of the said companies or either of them, or if for any reason my said Executor shall deem it best not so to do then secondly, in the purchase of shares of the capital stock of any other Company or Companies organized and incorporated for the same general purposes or, thirdly, in such other securities as are authorized and directed by law. And the income, dividends and interest arising from such investments to similarly invest as received and so to continue to accumulate the same until my granddaughter Margaret Megargee Wright shall attain the full age of twenty-one years and thereafter to pay her, my said granddaughter, all the dividends that may from time to time be declared and paid upon the said shares of the said Capital Stocks bequeathed in trust as aforesaid, and all the interest, income and dividends upon said accumulations until the youngest living child of my said granddaughter (if issue she hath) shall attain the full age of twenty-one years and no longer. And upon the youngest living child of my said granddaughter attaining the age of twenty-one years, then in trust to pay and divide the whole corpus or body of the trust estate, being the capital stocks as aforesaid given in trust and the accumulations of the dividends thereof, to and among the then living child or children of my said granddaughter who may then be living,

if but one, then wholly to him or her, and if more than one, in equal parts and shares, transferring the same to him, her or them absolutely. And if my said granddaughter shall depart this life before her youngest living child shall attain the age of twenty-one years, then in trust, to pay the interest, income and dividends of the corpus or body of the trust estate unto all the child or children of my said granddaughter then living; if but one, then to him or her wholly, and if more than one, then in equal parts and shares until the youngest living child shall attain the age of twenty-one years. And if my said granddaughter, Margaret Megargee Wright shall depart this life without child or children her surviving, then from and immediately after her decease to hold the said capital stocks and all accumulations of dividends thereof in trust for the same purposes as are set forth in the next succeeding Item of this my last will, with respect to the stocks therein given in trust."

There was a similar trust as to Witney Wright, a grandson.

By the tenth clause he provided:

"Tenth:—Should both my grandchildren above named depart this life without lawful issue, then I declare all the said stocks and accumulations held in trust under the seventh and eighth items of this my Will, to be a part of my residuary estate."

There was also a residuary clause under which S. Megargee Wright, the only child of testator, and the father of Margaret Megargee Wright and of Witney Wright, became residuary legatee for life.

Margaret Megargee Wright is a minor about eighteen years of age, and unmarried. Witney Wright is also a minor.

The Girard Trust Company filed its account. It was audited on June 12, 1908, and the net amount of accumulations of income from the beginning of the trust to the date of the adjudication was found to be $32,729.48. The appellant claimed the accumulations of income to date, and those which would accrue until Miss Wright became twenty-one years of age, on the ground that the accumulations were undisposed of property, and that as to them, the testator died intestate. The auditing

judge rejected the claim on the broad ground that accumulations during a minority have always been held to be the property of the minor and should be paid to him when he reaches twenty-one years of age.

Exceptions were filed to the adjudication, and upon argument, in the court in banc, were dismissed. The court filed a short opinion in which it was stated that the case could not be distinguished from Stille's App., 4 W. N. C. 42,·and it was a binding authority until reversed.

*Error assigned* was in dismissing exceptions to adjudication.

*John G. Johnson*, with him *Henry K. Fox*, for appellant.— It is submitted that in no reported case have accumulations been awarded to a minor during whose minority the income was accumulated, qua minor, but in each case the distributee of the accumulations has been a person who was, in fact, either next of kin, heir in intestacy or a residuary legatee. These only are the "persons entitled thereto, if such accumulations had not been directed." Washington's Est., 75 Pa. 102; Farnum's Est., 191 Pa. 75; Stille's App., 4 W. N. C. 42; Grim's App., 109 Pa. 391; Howell's Est., 180 Pa. 515; Martin's Est., 185 Pa. 51, was where the persons who were to take the accumulated income could not be ascertained until the time of distribution designated by the testator. In such case the gifts were contingent and the void accumulations went to the next of kin under the intestate law. Edwards's Est., 190 Pa. 177, was where there was a direction to accumulate and to pay a portion of the income during the life of the child, and after the death of the child to pay all of the estate in the hands of the trustees at that time to the child or children of such child. It was held that the entire income went to the testator's child absolutely as his next of kin.

*A. H. Wintersteen*, for appellee.—The accumulations belong to the minor: Stille's App., 4 W. N. C. 42; Carson's App., 99 Pa. 325; Grim's App., 109 Pa. 391; Howell's Est., 180 Pa. 515; Farnum's Est., 191 Pa. 75.

OPINION BY MR. JUSTICE POTTER, January 3, 1910:

This proceeding was the adjudication of the account of the trustee for Margaret Megargee Wright, under the will of John Wright, deceased. The question to be determined is the proper distribution of a fund accumulated under directions in the will, which were void, by reason of the provisions of sec. 9 of the Act of April 18, 1853, P. L. 503, ordinarily known as the statute against accumulations.

Counsel for both sides in this case admit the directions in the will were unlawful; but the appellant contends that the accumulated fund was to be regarded as undisposed of property, and as such should have gone to the next of kin. The auditing judge rejected this view upon the ground that accumulations during a minority have been held to be the property of the minor, and should go to him or her at maturity. In the opinion of the court in banc it is said that this case cannot be distinguished from Stille's App., 4 W. N. C. 42, and feeling bound by that decision, it dismissed the exceptions in this case, and confirmed the adjudication. This has made it necessary for us to examine carefully the decision in Stille's Appeal, to ascertain whether the grounds upon which it was based are tenable, and we are satisfied that they are not. The opinion in that case is very short, and simply affirms the decree of the court below, without any extended discussion of the principles involved. The court below there held that under the will, the income did not belong to the minor, and the direction to accumulate was therefore void; but in considering the question of the distribution of the fund unlawfully accumulated, he said that it was decided in Washington's Est., 75 Pa. 102, "that if a will directed unlawful accumulations to be made during the minority of an infant to be capitalized, and the interest of the capitalized accumulations to be paid to the person, formerly an infant, during life, from and after the attainment of majority, the unlawful accumulations are the property of the minor." And he then decided in conformity with this view of the decision, that the accumulations which had been unlawfully made should be the property of the minors. But in Washington's Estate, the reason for declaring

that the direction to accumulate was an excess, and therefore void under the act, was that the fund to be accumulated during the existing minority was not given to the minor. If she lived to be twenty-one years of age, she was to have the interest only which might thereafter accrue upon the accumulations, but no part of the accumulations themselves. The fund released from the accumulations unlawfully directed in that case, went to Annie Dorsey Washington, not because she was the minor in question, but because she was the person who would have been entitled thereto if such accumulation had not been directed. So that it would seem that the result in Stille's Appeal was reached through a misapprehension of the real ground upon which the fund in Washington's Estate was awarded to the minor. It was the residuary estate itself in that case which was the subject of the void provision. The report of the auditor shows that the whole estate was regarded, after the payment of debts and subject to annuities, as substantially a residue, and therefore, if there was an intestacy as to any part of the property, it must have gone to the next of kin. And it was as heir and next of kin that the minor in that case took the fund. As the decision in Stille's Appeal was thus based upon a misapprehension of one of the points decided in Washington's Estate, it cannot be regarded as authority upon the particular point in question. The same may be said of Farnum's Est., 191 Pa. 75, in which by similar inadvertence, in supposed conformity with Washington's Estate, it was announced that accumulations unlawfully made during a minority, are to go to the minor absolutely upon arriving at maturity. Under the act of 1853, such accumulations are to "go to and be received by such person or persons as would have been entitled thereto if such accumulation had not been directed." As was said by Judge Penrose in Martin's Est., 185 Pa. 51, "The inquiry, therefore, must in the first instance, always be, who, under the provisions of the will, as fairly interpreted, such persons are." In Washington's Estate it happened that under such inquiry the minor was found to be such a person. In the present case the minor is evidently not the person who would have been entitled, if the accumulation had

not been directed; she is neither residuary legatee nor next of kin; nor is there a gift to her of any present vested interest in the principal of the estate which would carry with it the income as it accrues, but for the direction to accumulate it for capitalization. The statute permits of accumulations only during an existing minority, and for the benefit of the minor. If income is to be lawfully accumulated it must be that of the minor, and the fund must be paid to the minor upon arriving at the age of twenty-one. As the directions to accumulate in the present case do not meet these conditions, they are void, and the gift of the accumulations falls, as does the gift of the income. It does appear, however, that there is in the will a present, residuary gift, which carries with it everything which has not been otherwise disposed of in a valid way.

We think the present case is not to be distinguished in principle from Weinmann's Estate, 223 Pa. 508, and that the doctrine therein elaborately discussed in the opinion of the court below, and affirmed by this court, is conclusive as to the question of the distribution of the fund unlawfully accumulated in this case.

The decree of the orphans' court is reversed, and the record is remitted for further proceedings.