## Day, Appellant, *v.* Thompson.

*Wills—Construction—Estates in remainder—Gift to a class.*

Testator devised to his son certain real estate upon condition of his paying to the testator's widow a specified annuity; and then provided "at his death to be divided among his living children as follows:—Five hundred dollars to M. (a daughter of the son), the remainder to be equally divided among the other children." At the date of the will the son had five children; another child was born before the death of the testator and two were born afterward. *Held*, that the words "at his death" referred to the death of the son and fixed the time for division; that the words "living children" and "other children" were descriptive of the persons who were then to take; and that until the time for distribution was reached, the persons entitled to shares could not be ascertained.

Argued Oct. 13, 1911. Appeal, No. 113, Oct. T., 1911, by plaintiffs, from judgment of C. P. Washington Co., May T., 1911, No. 2, for defendant on case stated in suit of H. S. Day et al. v. Josiah V. Thompson. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Case stated to determine marketable title to real estate. Before TAYLOR, J.

From the case stated it appeared that the plaintiffs were H. S. Day and his five children who were born before the death of I. N. Day, the testator, from whom the plaintiff claimed title. The defendant was the purchaser of the coal in question from H. S. Day and his five children. Other facts appear by the opinion of the Supreme Court.

The court entered judgment for defendant. Plaintiffs appealed.

*Error assigned* was in entering judgment for defendant on case stated.

*R. W. Parkinson, Jr.*, for appellants, cited: Pennock v.

Eagles, 102 Pa. 290; Black v. Woods, 213 Pa. 583; Ross v. Drake, 37 Pa. 373; Vance's Est., 209 Pa. 561; Carstensen's Est., 196 Pa. 325; Keller v. Lees, 176 Pa. 402; Wetherill's Est., 214 Pa. 150; Cresson's App., 76 Pa. 19.

*Harry Russell Myers*, for appellee, cited: Craige's App., 126 Pa. 223; McBride v. Smyth, 54 Pa. 245; Raleigh's Est., 206 Pa. 451.

PER CURIAM, January 2, 1912:

The question presented by this appeal is whether the plaintiffs could convey a good title to all the coal under a tract of land which they held under the following devise:

"Art. 2d. I will to my son Henry S. Day the real estate known as the Dr. H. W. Blachly Farm, together with two receipts I hold, one calling for Two Thousand Dollars, the other for Sixty Dollars during his natural life,—under the following conditions—by paying to his mother One Hundred and Twenty Dollars semi-annually if she thinks proper to leave the farm, and Seventy Five if she remains. At his death to be divided among his living children as follows,—Five Hundred Dollars to Mary C. Day, the remainder to be divided equally among the other children except to Arthur and Harry Forty Dollars each more than the others in lieu of two gold watches which Clinton and Howard are to have. This division is no way or manner to interfere with the legal collection of such notes as I hold against this estate."

At the date of the will Henry S. Day had five children, another child was born before the death of the testator, and two have been born since. The agreement of sale was executed by Henry S. Day and his five children who were living at the date of the will. It was held by the learned judge of the common pleas that the intention of the testator was that the remainder of the estate should be divided among the children of his son, Henry S. Day, who were living at the death of his son. In this conclusion we concur.

The words "at his death" refer to the death of Henry S. Day and not to the death of the testator, and fix the time for division. The words "living children" and "other children" are descriptive of the persons who are then to take; until the time for distribution is reached, the persons entitled to shares cannot be ascertained.

The judgment is affirmed.