## Sternbergh's Estate.

*Wills—Vested and contingent estates—Illegal accumulations—Distribution—"Survivor"—Act of April 18, 1853, P. L. 503.*

1. A legacy shall be deemed vested or contingent just as the time shall appear to have been annexed to the gift or the payment of it.

2. Where there are no persons under the provisions of a will who are capable of taking illegal accumulations, they are distributable under the intestate law.

3. Where testator by will provided that the residue of his estate should be divided when his youngest surviving son attained the age of twenty-five years, among his widow and certain of his children, "or the survivors of them," such gift to the widow and children is contingent upon their surviving the period fixed, and the void accumulations created by such provision of the will, are distributable under the intestate law.

Argued March 2, 1915. Appeal, No. 68, Jan. T., 1915, by May S. Keppelman, from decree of O. C. Berks Co., May T., 1914, No. 6, dismissing exceptions to adjudication, in estate of James H. Sternbergh, deceased. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Reversed.

Exceptions to adjudication. Before BUSHONG, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. May S. Keppelman appealed.

*Errors assigned,* were in dismissing the exceptions.

*John G. Johnson,* with him *John A. Keppelman, Isaac Hiester,* and *W. U. Hensel,* for appellant.—The direction to accumulate the income is in violation of Section 9 of the Act of April 18, 1853, P. L. 503: Washington's Est., 75 Pa. 102; McKee's App., 96 Pa. 277; Carson's App., 99 Pa. 325; Grim's App., 109 Pa. 391; Schwartz's App., 119 Pa. 337; Martin's Est., 185 Pa. 51; Edwards' Est., 190 Pa. 177; Wright's Est., 227 Pa. 69; Howell's Est., 180 Pa. 515, 520; Hoffman's Est., 14 Pa. D. R. 279.

The direction to accumulate being null and void, the liberated income so directed to be accumulated passes to such person, or persons, as would have been entitled thereto if such accumulation had not been directed.

There are no persons under the provisions of the will capable of taking the illegal accumulations; the interest of the beneficiaries in the income is purely contingent: Sharp's Est., 155 Pa. 289; Young's Est., 16 Pa. D. R. 541; Grim's App., 109 Pa. 391; Weinmann's Est., 223 Pa. 508; Wright's Est., 227 Pa. 69, 75; Pleasanton's App., 99 Pa. 362; Mellon's Est., 16 Philadelphia 323; Rhodes' Est., 147 Pa. 227; Martin's Est., 185 Pa. 51; Roney's Est., 227 Pa. 127.

The illegal accumulations are distributable under the intestate laws.

*Cyrus G. Derr,* for appellee.—The accumulations of the residuary estate in so far as they transgress the Act of 1853, belong to the widow and Mr. Sternbergh's five children by her, as the accumulations were directed for their benefit: Shallcross's Est., 200 Pa. 122; King's Est., 210 Pa. 435.

OPINION BY MR. JUSTICE POTTER, July 3, 1915:
This is an appeal from the final decree of the Orphans' Court of Berks County making distribution in the Estate of James H. Sternbergh, deceased. The decedent

died March 3, 1913, testate and leaving a widow and seven children. By his will he gave the residue of his estate to his executor, the Pennsylvania Trust Company, in trust "to collect all dividends, interests and other revenue due to my estate and deposit the same with any responsible trust company at their discretion, and out of such income to pay all obligations of my estate as they become due, and to pay the allowances herein mentioned and invest the remainder of such income in good and sound securities." He directed the trustee to make various payments out of the income, to pay three of his sons $10,000 each when they attained the age of twenty-five, and, when his youngest surviving son should attain the age of twenty-five, to make "an equal and fair distribution of the property remaining in its possession" among his widow and five of his children, "or the survivors of them," the other two children having been provided for by settlements made in testator's lifetime.

The account of the executor and trustee showed a balance in its hands, arising from income, of $93,821.36. Claim was made by May S. Keppelman, a daughter of testator, who does not share in the final distribution, that the direction to accumulate the surplus income was unlawful and void, and that the above balance should be distributed to those entitled to take from the testator under the intestate law.

The auditing judge held that the direction to accumulate, so far as it concerned the children who were of age, violated the Act of April 18, 1853, P. L. 503, Sec. 9, and was, therefore, invalid, but that the interests of the widow and five children, who were residuary legatees, were vested, and consequently under the act, they were entitled to the accumulations, and awarded them accordingly. Mrs. Keppelman filed exceptions to the adjudication, but the court made a decree dismissing the exceptions and confirming the adjudication absolutely. The exceptant has appealed. That the direction in the will, with respect to investment, violates the statute against ac-

cumulations is admitted.   The question to be determined is to whom do the unlawful accumulations belong.  The court below held that the interest of the widow and her children in the residue was vested.   But the testator directs only a final distribution of the property by the trustee at a fixed time in the future, that is when the youngest son attains the age of twenty-five years.   And then it was to go to the surviving members of a class made up of the widow and children.   It is only the survivors of this class, and the child or children of a deceased child, who are to take.   How is it possible to ascertain who these survivors will be, until the time for distribution arrives?  As we said in Roney's Est., 227 Pa. 127 : "The gifts to the residuary legatees are contingent upon their being alive at the date of the death of the last survivor of testator's brothers and sisters.   Until the happening of that event, it could not be known who would be entitled to take.   The interests of the residuary legatees are clearly contingent."   So here it seems that the interests of the widow and children are clearly contingent upon their being alive at the date when the youngest son attains the age of twenty-five years.   Undoubtedly the rule is well settled that the period of survivorship is to be taken as the death of the testator unless a contrary intent is apparent.   But does not that intent appear from a reading of the entire clause in question?   In the preceding paragraph testator named three of his sons, and provided for the payment to each of them of ten thousand dollars as they attained the age of twenty-five years.   Then he goes on to say, "when the youngest of my surviving sons has attained" that age, distribution of all the property in the possession of the trustee is to be made. . We see no effective answer to the argument of counsel for appellant that "surviving" here means surviving at the time of distribution.   As they say, "If we hold that the testator meant the youngest of 'surviving sons' who should survive him, we would have the anomaly that the youngest son who survived him might die

before the age of twenty-five years, and although the other surviving sons may have attained a greater age, they would have taken nothing. We have the concluding words of the eleventh paragraph, with reference to the shares of the two daughters, which were to be held by the trustees 'until they or the survivor of them shall attain the age of twenty-five years.' Clearly 'survivor' here was used to indicate the survivor of two daughters who might take at the time fixed for distribution. Was not the use of the word 'survivor' intended to refer throughout to the time fixed for distribution?" We are convinced that it did. Under the rule followed in Martin's Est., 185 Pa. 51; Edwards' Est., 190 Pa. 177, and Roney's Est. (supra), where the persons who are to take the principal from which the income is to be accumulated, or those who are to take the income, cannot be ascertained until the time for distribution designated by the testator, has arrived, the gifts must be held to be contingent and the accumulations will go under the intestate law. In Smith's Est., 226 Pa. 304, this court said (pp. 307, 308) : "As Chief Justice TILGHMAN said in Patterson v. Hawthorne, 12 S. & R. 112: 'The rule is that where a legacy is given to a person to be paid at a future time, it vests immediately. But when it is not given until a certain future time, it does not vest until that time; and if the legatee dies before, it is lost.'......The statement of the rule by Chief Justice GIBSON, in Moore v. Smith, 9 Watts 403, has always been accepted; it is that (p. 408) : 'The legacy shall be deemed vested or contingent just as the time shall appear to have been annexed to the gift or the payment of it.' " In the case at bar the time is manifestly annexed to the gift, not merely to its payment. If any of the members of the class die before the time fixed for distribution, they get nothing. In Wright's Est., 227 Pa. 69, there was no intestacy because (p. 75) there was in the will "a present residuary gift, which carries with it everything which has not been otherwise disposed of in a valid way.". In

the case at bar there is no present residuary gift, there is one in the future only. We agree with counsel for appellant, that there are no persons under the provisions of the will who are capable of taking the illegal accumulations and they are, therefore, distributable under the intestate law.

The assignments of error are sustained, the decree of the Orphans' Court is reversed, and the record is remitted to the court below for further proceedings in accordance with this opinion.