## Lennig's Estate.

*Wills—Construction—Contingent remainders—Time of vesting—Distribution of accumulations.*

Where a testator provided for the final distribution of his estate "after the completion of the aforenamed devises" to be made to any of his "legal descendants then living," the final distribution of his estate cannot be made until after the completion of the devises before mentioned.

Where the residue of an estate is devised to such legal descendants as may be living after the preceding conditions of the will have been fulfilled, such gift is contingent upon the happening of the event and, pending such fulfillment, the undisposed of accumulations are distributable under the intestate laws.

Argued Dec. 9, 1918. Appeal, No. 285, Oct. T., 1918, by Louisa L. Rowland, from decree of O. C. Philadelphia County, January T., 1891, No. 142, dismissing exceptions to adjudication in estate of Charles Lennig, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to adjudication.

ANDERSON, J., filed the adjudication which was as follows:

This trust arose under the will of testator, who died January 22, 1891, and the codicils thereto annexed.

By his will, he directed his executors to turn over his residuary personal estate and proceeds of sales of real estate when made to the accountant as trustee to pay out of the net income to be derived therefrom to his wife, Williamina, $8,000 per year in monthly payments, $2,500 per year in monthly payments to his daughter, Williamina Thudichum, during life, and of the balance of income directed one-third of two-thirds paid to his said wife during life, two-thirds of two-thirds to be divided into three equal parts, one part to his daughter, Williamina Thudichum, and the other two divided and paid to his two sons, Nicholas Lennig and John B. Lennig, and at the decease of any one of these three, the share that would have fallen to her or him to be equally divided amongst the survivor or survivors of them, and one-third of the undivided net income to be invested as residuary estate.

And upon the death of his wife, sons and daughter, and the payment of certain legacies (which have all been paid out of prior accounts) he directed the payment to the Academy of Natural Science of the City of Philadelphia semiannually the net income of his then residuary estate until such payments shall have amounted to a total sum of $150,000, by codicil reduced to $20,000 —to be held as the Charles Lennig fund, and upon the completion of this bequest directed his trustee to pay to the trustees or faculty of the University of Pennsylvania of the City of Philadelphia $500,000, the net income thereof to be used in connection with the John H. Town bequest and the fund to be called the Charles Lennig fund in aid of instruction in theoretical and practical mechanics, and the further sum of $200,000 to apply the net income therefrom to the institution of as many free

scholarships (excluding scholarships in theology) as such income will maintain, the fund to be called the Charles Lennig beneficiary fund, any balance remaining upon the completion of the aforenamed devices to be paid over share and share alike amongst and to any of his legal descendants then living, the sons and daughters of his daughter, Williamina Thudichum and Joyeuse Arnoys, his sons, Nicholas and John Boulinger Lennig, and none others, and in default of such claiming and proving their interest in manner specified then the balance to be divided and paid one-half to the trustees of the University of Pennsylvania, for the use of the free scholarship fund aforenamed and the other half, one-half to the German Hospital and the balance to the Pennsylvania Hospital of Philadelphia.

Testator's widow elected to take, as against his will, the shares of his estate to which she was entitled under the intestate law, which was accordingly paid to her out of the executors' account, and died September 15, 1893.

Besides his widow, testator left him surviving his two sons, Nicholas and John B. Lennig; his daughter, Williamina Thudichum; his granddaughters, Joyeuse L. and Williamina Fullerton, children of a deceased daughter; and grandson, Alexander Arnoys, son of his deceased daughter, Joyeuse.

Nicholas Lennig died January 24, 1906, without issue, and William C. Houston is the surviving executor of his will.

John B. Lennig died November 5, 1913, leaving surviving three children, Maude A. Hawkes, Louise C. Rowland and Elsie McCaulay, and Francis F. Eastlack, Jr., and the Frankford Trust Company are executors of his will.

Williamina Thudichum is still living.

The widow having elected to take against the will, the one-third of two-thirds of income remained undisposed of, and passed under the intestate laws to his sons, daughter and grandchildren.

The present accounting is of testator's original residuary personal estate, increased by the addition thereto of proceeds of sale of real estate, and from time to time of one-third of the income of his so-called "residuary estate" and the fund now amounts to $783,558. The legacies to be paid out of the fund at the time of distribution amount to $720,000. In his adjudication upon a prior account, Judge Penrose, whose adjudication was affirmed by the Supreme Court in Lennig's Est., 154 Pa. 209, said:

"So long as the accumulation does not swell the residue to an amount larger than the sum required for the charity, it is not forbidden; the act will apply only to a continuance of the accumulation after this purpose has been accomplished; and such excess will then go 'to and be received by such person or persons as would be entitled thereto if such accumulations had not been directed.' It is not alleged that the limit has yet been reached."

That limit has now been exceeded, although, as the duration of the trust is indefinite, it is impossible to foretell whether the securities at present composing the fund will, at the time of distribution, produce the amount necessary to pay the legacies. Temporary withholdings of illegal accumulations in the interest of judicious management have been sustained in Eberly's App., 110 Pa. 95; Hibb's Est., 143 Pa. 217; McIntosh's Est., 158 Pa. 528; and in King's Est., 210 Pa. 435, the excess beyond a proper contingent fund was distributed. Under these authorities and the circumstances in the present case, the auditing judge is of the opinion that temporarily and until events showed danger of depreciation below the amount necessary to pay the legacies, further additions of income may safely be discontinued.

The question then arises as to who is entitled to this one-third of income. It does not fall into residue (as did the accumulations in Weinmann's Est., 223 Pa. 508, and Wright's Est., 227 Pa. 69) and pass to the other persons entitled to income for life as that gift is of but two-thirds thereof (Waln's Est., 156 Pa. 194). Nor can it pass to

the persons who will be entitled to the principal of residuary estate at the termination of the trust as the gift of principal is contingent, depending upon there being legal descendants then living (Roney's Est., 227 Pa. 127; Sternbergh's Est., 250 Pa. 167) ; who the parties entitled will be cannot now be determined.

This one-third of income is therefore undisposed of and passes to the persons entitled under the intestate laws, and thus, the widow having already received her full share of the estate, to his sons and daughter and his grandchildren living at the time of his death (Bell's Est., 147 Pa. 389; McFillin's Est., 235 Pa. 175; Tatham's Est., 250 Pa. 269).

The account and supplemental account filed at the audit show a balance of principal of $783,558, which composed as indicated in the account is awarded to the Pennsylvania Company for Insurances on Lives and Granting Annuities upon the uses and trusts declared by the will of testator.

The supplemental account also shows a balance of income, after payment of her annuity to Williamina Thudichum to June 22, 1917, and their shares of income to the parties in interest including the transfer of one-third of income to principal, to July 2, 1917, of     $8,369.02
of which less allowance to Samuel K.

Phillips, agreed to     50.00

Balance,     $8,319.02

$3.50, the cost of a certified copy of this adjudication, is awarded to be paid to the clerk, her yearly sum of $2,500 to date of payment is awarded to Williamina Thudichum, and of the balance then remaining, five-ninths is awarded to Williamina Thudichum, one-ninth each to Nicholas Lennig, John S. Lennig and Alexander Arnoys, and one-eighteenth to Joyeuse L. Sweet and Williamina Fullerton.

The awards to Nicholas Lennig and John B. Lennig, to be paid to the executors of their wills, unless their

estates have been settled and debts paid, in which event it may be paid directly to the legatees named therein.

The certificate of the official examiner as to his examination of the securities composing the fund awarded to the accountant as trustee will be submitted to the auditing judge and subsequently hereto attached.

The court dismissed the exceptions to the adjudication.

*Error assigned* was decree dismissing exceptions.

*Morton Z. Paul,* and with him *Francis F. Eastlake,* for appellant.—The remainder was vested and the residuary legatees are entitled to the fund: Lefebvre v. D'Arcy, 236 Pa. 235; Board of Missions' App., 91 Pa. 507; Boise's Est., 177 Pa. 190; Ferry's App., 102 Pa. 207; Jones v. Strong, 142 Pa. 496; Fuller's Est., 225 Pa. 626; Neel's Est., 252 Pa. 394; Safe Deposit and Trust Co. v. Wood (No. 1), 201 Pa. 520.

*M. B. Saul,* of *Prichard, Saul, Bayard & Evans,* cited: Roney's Est., 227 Pa. 127; Wright's Est., 227 Pa. 69; Ferguson's Est., 223 Pa. 530; Weinmann's Est., 223 Pa. 508; Sternbergh's Est., 250 Pa. 167; Commonwealth T. I. & T. Co.'s App., 126 Pa. 223; Adams's Est., 208 Pa. 500; Mulliken v. Earnshaw, 209 Pa. 226; Day v. Thompson, 233 Pa. 550.

OPINION BY HENDERSON, J., April 21, 1919:

The right of the appellant to participate in the distribution of the fund which is the subject of controversy arises from the following provision in the will of the testator: "Any balance remaining upon the completion of the aforenamed devises, I direct and order my Trustee to distribute and pay over share and share alike amongst and to any of my legal descendants then living the sons and daughters of my daughter Williamina Thudichum and Joyeuse Arnoys, my sons Nicholas and John Boulinger Lennig and none others." There can be no doubt

that final distribution of the estate was not to be made until after "the completion of the aforenamed devises." Viewing the will as a whole there seems to be no other construction of this language than that it has reference to the interests thereinbefore given to the wife and children of the testator and the gifts for charitable uses. It will be noticed that the bequests to the University of Pennsylvania and Academy of Natural Sciences are to be paid after the decease of the wife and children and the "aforenamed devises" must include those given to the latter as well as the gifts to the institutions named. The balance remaining is not given to the children of the testator but to such legal descendants as might be living at the time of final distribution. Such survivors were the direct takers under the residuary clause. The time to which the testator referred was that when the preceding provisions of his will were complied with and final distribution was to be made. There was no gift to a whole class but to the survivors at a particular period. The uncertain event of survivorship therefore is descriptive of the legatee. Survivors alone sustain the character and answer the description stated in the residuary clause. It cannot now be certainly known who will become the beneficiaries under the bequest. There is, therefore, no present residuary gift. It must be held to be contingent because of the description of the person intended to take. The decisions in Mulliken v. Earnshaw, 209 Pa. 226; Roney's Est., 227 Pa. 127; Day v. Thompson, 233 Pa. 550; Sternberg's Est., 250 Pa. 167; and numerous other cases sustain the conclusion of the Orphans' Court.

The decree is affirmed.