Bell Estate.

624

Argued April 25, 1958. Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Rowland C. Evans, Jr.,* with him *Robert S. Gawthrop, Jr., Krusen, Evans & Shaw,* and *Gawthrop & Greenwood,* for appellant.

*William White, Jr.,* with him *Thomas S. Weary, John O. Platt, Jr., Duane, Morris & Heckscher,* and *MacElree & Platt,* for appellees.

OPINION BY MR. JUSTICE COHEN, September 29, 1958:

The question for determination on this appeal is whether the corporate co-executor of the estate either abused its discretion or violated any provision of law in charging counsel fees incurred in connection with the administration of the estate against the income of a residuary trust rather than the principal thereof.

C. Herbert Bell died on January 30, 1954, leaving an estate of approximately $5,000,000. In his will the decedent appointed his wife, a bank and an attorney as his executors and trustees. He gave his executors the power to retain attorneys and provided that "the salary or compensation of any such agent or attorney shall be paid out of the *principal or income* of my residuary estate as *my corporate fiduciary in its sole discretion may determine. . . .*" (Emphasis supplied). The decedent left his residuary estate in trust and directed that a portion of the income therefrom be paid to a stepson, (the appellant herein), for his life and thereafter to the testator's widow for her life. On the termination of the trust, one-half of the principal was to be paid to the issue of the stepson and the other half to certain named relatives of the testator or their issue.

In February, 1956, the executors filed their account and included therein charges against the principal in the amount of $75,000 for legal services rendered in the administration of the estate.

Prior to the audit of the account, however, the corporate co-executor notified the appellant that it had changed its initial decision and had determined to charge against income all counsel fees. Therefore, in a statement of proposed distribution, this fiduciary requested the auditing judge to surcharge income for the $75,000 already paid out of principal for legal serv-

ices and to restore to principal that amount. Appellant unsuccessfully objected to the change in the allocation of counsel fees, and after the entry of a decree by the orphans' court dismissing his exceptions on this point, this appeal was taken.

The first contention of the appellant is that the allocation to income of counsel fees incurred in the settlement of the estate implies the accumulation of income for their payment and therefore violates the prohibition against accumulations of income contained in the Act of April 18, 1853, P. L. 503, §9, as amended, 20 P.S. §3251.

We said in *Billings's Estate (2)*, 268 Pa. 71, 74-75, 110 Atl. 768 (1920) that expenses attendant to administration are distinguishable from debts or other fixed liabilities of an estate which attach at the time of a testator's death and may be properly paid out of income. Such an allocation is not an attempt to increase the principal of a trust within the intendment of the interdiction of the Act of 1853, but rather a permissible charging of the income beneficiary for services which inured to his benefit as well as to that of the remaindermen. If income may be charged for the legal services rendered in administering the estate, then may the trustee, for purposes of judicious management, accumulate out of income a temporary reserve to meet such obligations which may accrue in the future? *Cf. Smith Trust*, 385 Pa. 416, 123 A. 2d 623 (1956).

The question is not an open one; it has been decided for us by the legislature. The Act of 1853 was repealed by the Estates Act of 1947 as to conveyances effective on or after January 1, 1948, and therefore it is the Act of 1947 rather than the Act of 1853 which applies to the present will. Act of April 24, 1947, P. L. 100, §20, 20 P.S. §301.20.

Section six of the Estates Act, codifying prior case law, authorizes the accumulation of income "[f]or the purpose of creating a temporary reserve of a reasonable amount for administration of the trust. . . ." Act of April 24, 1947, P. L. 100, §6(1), 20 P.S. §301.6(1), *repealed,* Act of February 17, 1956, P. L. 1073 (1955), §3, 20 P.S. §301.6 (Supp). It follows that the accumulation of income in the present case for the payment of attorney fees is authorized under this provision.

The corporate co-executor's decision to allocate counsel fees to income rather than to principal being lawful, we now consider whether it was a proper exercise of discretion.

By the time of audit the corporate fiduciary had an opportunity to revise its estimates of the income and liabilities of the estate in accordance with actual experience. Certainly, in this light, the final judgment of the corporate fiduciary as to what action would be in the best interest of the estate and the beneficiaries collectively is to be preferred over an earlier calculation. Therefore, in the absence of a showing of prejudice to appellant as by a change of position in reliance upon the original determination of the co-executor, the fact that the fiduciary changed its decision with respect to the apportionment of counsel fees furnishes no basis for objection.

Nevertheless, the appellant contends that the charging of counsel fees against income rather than against principal was an abuse of discretion because the remaindermen were favored thereby to the detriment of the life tenant, the immediate object of the testator's bounty. We find no merit in this position. The testator specifically provided that the corporate executor was to have the power to charge legal fees either to principal *or to income* in its discretion. In exercising this discretion the fiduciary had to consider not only

the welfare of appellant, but also that of all the other parties interested in the estate. Thus, in arriving at its decision to charge counsel fees to income, the co-executor took into account the fact that the executors' commissions and other administrative expenses had to be charged against principal, that the appellant had already received a gift of $250,000 outright under other terms of the will, and further, that the appellant himself would benefit to the extent of the additional income generated by the savings to principal resulting from the allocation.

There is no evidence in the record to indicate that the action of the corporate executor was unreasonable or arbitrary, or taken selfishly, in bad faith, nor is there evidence which clearly demonstrates that, after adjustment for federal estate and income tax liabilities, the sums charged against income would unduly burden the appellant. Although the allocation did not permit appellant to maximize his benefits under the will or to minimize his tax liabilities, this, in itself, is not sufficient grounds to charge the executor with an abuse of discretion.

Decree affirmed at appellant's cost.